IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-61,380-02 & -03






EX PARTE DENWITT ZACK WILLIAMS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 1207434-A & 1207435-A IN THE 209TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and felon in possession of a firearm and sentenced to imprisonment for thirty-five and
twenty-five years, respectively. The Fourteenth Court of Appeals affirmed his convictions. Williams
v. State, Nos. 14-10-00448-CR & 14-10-00449-CR (Tex. App.--Houston [14th Dist.] 2011, pet.
ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because at guilt and punishment he failed to present evidence of Applicant's mental health history. 
Without obtaining a response from counsel, the trial court made findings of fact and conclusions of
law, largely consisting of broad legal principles derived from the U.S. Supreme Court's and this
Court's holdings on the Sixth Amendment. The trial court recommended that we deny relief. We
believe that the record should be further developed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to the claims above. Counsel shall state, among other things,
whether he investigated Applicant's mental health history and, if so, whether he believed such
evidence negated Applicant's mens rea, Jackson v. State, 160 S.W.3d 568, 574 (Tex. Crim. App.
2005), or mitigated Applicant's punishment in his aggravated robbery case. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After obtaining a response from counsel, the trial court shall make findings of fact and
conclusions of law as to whether counsel's conduct was deficient and, if so, Applicant was
prejudiced at guilt or punishment. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 11, 2013

Do not publish